UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DAMARCUS A. THOMAS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No.: 1:07-CR-40 |
| | ) | (1:09-CV-67) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the court on the Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 motion) filed by the petitioner, Damarcus A. Thomas ("Thomas") on March 16, 2009. Docket at 55. The United States of America ("the government") filed a response in opposition to the motion on March 27, 2009. Docket at 58. Thomas did not file a reply brief, which was due on April 13, 2009. Therefore, the motion is ripe for resolution. For the reasons discussed herein, the motion is DISMISSED.

## DISCUSSION

On April 25, 2007, Thomas was charged by way of an Indictment with one count of possession of cocaine base ("crack"), in violation of 21 U.S.C. § 844.[1] Docket at 15. On July 9, 2007, Thomas pleaded guilty to the charge, after entering into a plea agreement with the government. *See* docket at 31 (plea agreement) and 32 (change of plea hearing). On November 19, 2007, this court held a sentencing hearing and sentenced Thomas to a term of imprisonment

---

[1] Thomas was originally charged by way of a Criminal Complaint filed on April 13, 2007. Docket at 1. That Complaint was later dismissed once the Grand Jury issued the Indictment in this case.

of 70 months, to be followed by a two-year term of supervised release. Docket at 37. On November 27, 2007, Thomas filed a notice of appeal to the Seventh Circuit Court of Appeals. Docket at 40. That appeal was dismissed for reasons discussed below.

Thomas brings the present § 2255 motion seeking to reduce his term of imprisonment from 70 months to 60 months. Petitioner's Memorandum of Law in Support of Motion Pursuant to 18 U.S.C. § 2255[2] ("Petitioner's Memorandum"), docket at 56, p. 5. Thomas argues that he is entitled to such a reduction because he had ineffective assistance of counsel. Specifically, Thomas claims his attorney "provided ineffective assistance by failing to challenge [an] enhancement" Thomas received under the United States Sentencing Guidelines ("USSG") and that his attorney "fail[ed] to seek a downward departure pursuant to [USSG] § 5G1.3." § 2255 motion, p. 4.

In its response, the government contends that Thomas is precluded from even filing this motion, since in his plea agreement "Thomas expressly waived his right to appeal his sentence and agreed not to contest the sentence in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255." Government's Response, p. 4. The government points out that Thomas's plea agreement contains a provision that reads, in its entirety, as follows:

> I understand that the law gives a convicted person the right to appeal the conviction and sentence imposed, I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this Plea Agreement; with this understanding an in consideration of the government's entry into this Plea Agreement, I expressly

---

[2] This is a typographical error in Thomas's brief–the federal habeas corpus provisions are found at 28 U.S.C. § 2255.

2

waive my right to appeal or contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under 18 U.S.C. § 3742 or any post-conviction proceeding, including but not limited to, a proceeding under 28 U.S.C. § 2255.

Docket at 31, Plea Agreement, ¶ 7d.[3] The government states that "Thomas specifically agreed to the Court's jurisdiction and waived his right to challenge his sentence in a § 2255 petition." Government's Response, p. 4 (citations omitted). Accordingly, the government asks that the motion be dismissed. *Id.*, p. 5.[4]

Courts have consistently upheld such waivers as long as they are entered into knowingly and voluntarily. The Seventh Circuit Court of Appeals discussed such a situation in the case of *U.S. v. Linder*, stating as follows:

> "We will enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Blinn,* 490 F.3d 586, 588 (7th Cir.2007). Here, the waiver of appeal in the plea agreement could not be clearer: "defendant knowingly waives the right to appeal or contest, under 18 U.S.C. § 3742 or 28 U.S.C. § 2255, or otherwise, his conviction and the resulting sentence." Moreover, there is nothing in the record that indicates Linder involuntarily entered into the plea agreement. To the contrary, the transcript of the plea hearing reveals that the district court took pains to satisfy itself that

---

[3] In his § 2255 petition, Thomas does alleged ineffective assistance of counsel. However, as discussed above, that allegation has nothing to do with the waiver of Thomas's right to file an appeal or a § 2255 petition. Thus, this exception in the wavier provision is not applicable.

[4] The government also requests that "in the event the Court disagrees with the government's assessment [that Thomas is precluded from even bringing the present motion to the court], the government requests 15 days after the Court's Order to address the merits of Thomas's § 2255 petition." Government's Response, p. 5. Since the court concludes that the government is correct and Thomas is precluded from bringing the present motion, no further briefing from the government is required.

3

> Linder knowingly and voluntarily entered into the plea agreement. The district
> court, among other things, placed Linder under oath, determined that Linder was
> competent to proceed, and asked Linder pointed questions about the voluntariness
> of his decision to enter into the plea agreement. Regarding the waiver of appeal
> itself, the district court clearly explained it to Linder, and Linder acknowledged
> under oath that he understood it and that he agreed to it.

*U.S. v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008).

The identical situation is present in this case. At his plea hearing, the court placed Thomas under oath and asked him a detailed series of questions to determine his competency and to ensure that he understood completely the terms of his plea agreement. Thomas affirmed that he understood each provision contained in his plea agreement, including his waiver of his appellate rights and his rights to challenge his sentence by way of a § 2255 petition. As the government points out, "Thomas specifically agreed to the Court's jurisdiction and waived his right to challenge his sentence in a § 2255 petition. . . . The signed Plea Agreement and all statements made by Thomas are binding upon him. . . . Thomas has not shown any basis upon which to set aside the waiver, as such, his § 2255 petition should be dismissed." Government's Response, pp. 4-5 (citations omitted); *see also*, Transcript of Change of Plea Hearing, docket at 50.

As mentioned above, Thomas attempted to appeal his sentence to the Seventh Circuit Court of Appeals. *See* docket at 40. The government points out that it "filed a Motion to Dismiss the Appeal Based on Waiver Provision Contained in Plea Agreement." Government's Response, p. 3. On March 6, 2008, the court of appeals did just that, dismissing Thomas's appeal based on the appellate waiver contained in his plea agreement. *See* docket at 54.

Since Thomas has not demonstrated any reason why he should be relieved of the express waiver provision contained in his plea agreement (or even alleged that such a reason exists), his § 2255 petition must be dismissed.

**CONCLUSION**

For the reasons discussed above, the Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by the petitioner Damarcus A. Thomas is DISMISSED.

Entered: April 27, 2009.

   /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana